## UNITED STATES v. VAUGHN.

(District Court, W. D. New York. October 24, 1913.)

PROSTITUTION (§ 3*)—INTERSTATE COMMERCE—WHITE SLAVE TRAFFIC ACT—
SUFFICIENCY OF COMPLAINT.

The complaint on which a defendant was arrested and held for removal to another federal district for trial *held* to charge an offense under White Slave Traffic Act June 25, 1910, c. 395, § 2, 36 Stat. 825 (U. S. Comp. St. Supp. 1911, p. 1343).

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. § 3; Dec. Dig. § 3.*]

Criminal prosecution by the United States against John C. Vaughn. On application for order removing defendant to another district. Order granted.

William Palmer, of Buffalo, N. Y., for the United States.

Edmund J. Plumley, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. United States Commissioner Keating, before whom the preliminary investigation was had, and by whom the defendant was held pending application for his removal to the Eastern district of Oklahoma for the violation of the so-called Mann White Slave Act, on motion by the defendant for discharge on the ground that the offense shown was not contemplated by the statute under which the complaint was filed, rendered the following opinion:

"Since this case commenced I have examined the case of Hoke v. United States, 227 U. S. 308, 33 Sup. Ct. 281, 57 L. Ed. 523, 43 L. R. A. (N. S.) 906; also, the cases of Athanasaw v. U. S., 227 U. S. 326, 33 Sup. Ct. 285, 57 L. Ed. 528, and Bennett v. U. S., 227 U. S. 333, 33 Sup. Ct. 288, 57 L. Ed. 531. The Supreme Court in those cases has clearly held that the White Slave Traffic Act of June 25, 1910, is a legal exercise of the power of Congress under the commerce clause of the Constitution, and holds that, while women are not articles of merchandise, the power of Congress to regulate their transportation in interstate commerce is the same and it may prohibit such transportation for immoral purposes.

"The court substantially says that commerce among the states includes the transportation of persons and property, and that therefore there may be a movement of persons as well as of property. The act condemns transportation aided or obtained, or transportation induced for the immoral purposes mentioned. The statute therefore, reasonably construed in the light of this broad interpretation of the constitutional power of Congress, would include the facts shown here for the reason that section 2 of said act makes it an offense to transport in interstate commerce, or to aid or assist in obtaining transportation for any woman or girl for the purpose of debauchery or any other immoral purpose. Hence I have no other alternative than to hold the defendant pending application for an order of removal to the district judge of this district, as there is no question that the transportation of the girl in this case was interstate and for an immoral purpose."

I concur in the foregoing, and an order may be entered removing the defendant to the Eastern district of Oklahoma for trial.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes